**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHARLES CORSON**        ) | **Case Number:** |
| ) | **CIVIL COMPLAINT** |
| ) | |
| **Plaintiffs**     ) | |
| **vs.**     ) | |
| ) | |
| **ACCOUNTS RECEIVABLE**     ) | |
| **MANAGEMENT, INC**     ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant**     ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Charles Corson, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.     Plaintiff, Charles Corson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.("TCPA") and Invasion of Privacy by Intrusion upon Seclusion.

**II. JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Plaintiff resides in this District.

### III.  PARTIES

4.      Plaintiff, Charles Corson, (hereafter, Plaintiff, Joseph) is an adult natural person residing in Bridgeton, New Jersey.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Accounts Receivable Management, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of New Jersey with a primary address located at 155 Mid-Atlantic Parkway, Thorofare, NJ  08086.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant also attempts to collect consumer debts owed by another. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      Since February 2013, the Plaintiff has been receiving collection calls from the Defendant on a consumer debt that does not belong to him from phone number 866-932-6801.

8.      Defendant is trying to collect an alleged consumer debt owned by "Dawn Collins".

9.     Although, "Dawn Collins", is a relative of the Plaintiff, she does not reside with the Plaintiff and hasn't since the year 2000.

10.    Plaintiff is not responsible for the above referenced consumer debt and have no business relationship with the defendant.

11.    The Plaintiff has informed the Defendant numerous times that "Dawn Collins" is not at the number they have called and they need to contact her directly.

12.    Despite knowing they are contacting a family member Defendant continues to make harassing calls and invade the privacy of the Plaintiff.

13.    Several of Defendant's daily calls are automated.

14.    Defendant continually demands to know the whereabouts of "Dawn Collins" each time they call Plaintiff.

15.    On or about March 20, 2013 The Plaintiff received a call from the Defendant's agent "Tina" wanting to speak with "Dawn Collins".  The Plaintiff once again explained that she didn't live there and hadn't since 2000.

16.    Defendant's agent "Tina" demanded the Plaintiff give her the phone number and whereabouts of "Dawn Collins" or the calls would continue.

17.    Plaintiff, who is poor in health, became very upset and told "Tina" to stop calling his house.

18.    As of the filing of this complaint, Defendant's calls continue to the Plaintiff furthering their constant and continuous harassment of this elderly man.

19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.    The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

22.    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

23.    The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.    At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25.    At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

26.    As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and

pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

27.     The above paragraphs are hereby incorporated herein by reference.

28.     At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiffs for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

29.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II –TCPA

30.      The above paragraphs are hereby incorporated herein by reference.

31.      At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

32.      The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

a.      The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

b.      The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

c.    The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully request that this court enter judgment in his favor and against Defendant, and Order the following relief:

a.    Actual damages;

b.    Statutory damages;

c.    Reasonable attorney's fees and costs of suit pursuant to the TCPA; and

d.    Treble damages.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33.    The above paragraphs are hereby incorporated herein by reference.

34.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35.    New Jersey recognizes Plaintiff right to be free from invasions of privacy, thus Defendant violated NJ state law.

36.    Defendant intentionally intruded upon Plaintiff right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing Plaintiffs.

37.    The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial

burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38.    The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40.    Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

a.    Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

b.    Punitive damages; and

c.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**


**Date:  March 26, 2013**                        **BY:  _/s/ Bruce K. Warren_**
                                                 Bruce K. Warren, Esquire

                                                 Warren Law Group, PC
                                                 58 Euclid Street
                                                 Woodbury, NJ 08096
                                                 P: (856)848-4572
                                                 F: (856)324-9081
                                                 Attorney for Plaintiffs