UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES CORSON, <br><br> Plaintiff, <br><br> v. <br><br> ACCOUNTS RECEIVABLE <br> MANAGEMENT, INC. <br> Defendant. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 13-01903 <br> (JEI/AMD) <br><br> **OPINION** |

**APPEARANCES:**

WARREN LAW GROUP, P.C.
By: Bruce K. Warren, Esquire
58 Euclid Street
Woodbury, New Jersey 08096
            Counsel for Plaintiff

MAURICE & NEEDLEMAN PC
By: Joann Needleman, Esquire
935 One Penn Center
1617 JFK Boulevard
Philadelphia, Pennsylvania 19103
            Counsel for Defendant


**IRENAS**, Senior District Judge:

This case arises out of Defendant Accounts Receivable

Management, Inc.'s ("ARM") telephonic debt collection attempts.

Plaintiff Charles Corson alleges that ARM has been making

harassing telephone calls to his home daily, for approximately

two months, in attempt to collect a debt which ARM concedes that

Plaintiff does not owe.  Plaintiff asserts claims under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as a common law tort claim for intrusion upon seclusion.[1]  Pending before the Court is ARM's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated herein, the Motion will be granted in part and denied in part.

## I.

For the purposes of this Motion, the Court accepts as true the facts as alleged in the Complaint.

ARM is engaged in the business of collecting consumer debts through the use of telephone and mail.  (Compl. ¶¶ 4, 5) Beginning in "February 2013," ARM began calling Plaintiff "daily" in an attempt to collect a consumer debt owed by Dawn Collins ("Collins").  (*Id.* ¶¶ 8, 13)  Although Collins is Plaintiff's relative, she has not resided with him since 2000. (*Id.* ¶ 9)  Plaintiff, himself, is not responsible for this debt and has no business relationship with ARM.  (*Id.* ¶ 10)

During the calls, some of which were "automated," ARM "continually" demanded to know Collins's whereabouts.  (*Id.*

---

[1] The Court exercises subject matter jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court also exercises federal-question jurisdiction pursuant to 28 U.S.C. § 1331 over the TCPA claim, *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 747 (2012), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim.

¶ 13, 14)  Plaintiff, who is an "elderly man" and in "poor health," "repeatedly" informed ARM that Collins was not available at his number and that they should contact her directly.  (*Id.* ¶ 11, 17, 18)

On or about March 20, 2013, Plaintiff received a call from ARM's agent Tina who requested to speak with Collins.  (*Id.* ¶ 15)  When Plaintiff explained that Collins did not reside there, Tina "demanded" that Plaintiff give her Collins's phone number and whereabouts "or the calls would continue."  (*Id.* ¶ 15, 16)  Plaintiff "became very upset" and once again asked Tina to stop calling him.  (*Id.* ¶ 17)  ARM continues to call Plaintiff.  (*Id.* ¶ 18)

Just six days after the March 20th call, Plaintiff filed the instant Complaint which asserts three counts pursuant to: (1) the FDCPA; (2) the TCPA; and (3) the common law for intrusion upon seclusion.  After filing an answer, ARM now moves for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## II.

Federal Rule of Civil Procedure Rule 12(c) provides that a party may move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial."  A Rule 12(c) Motion for Judgment on the Pleadings is subject to the same standard of review as a Rule 12(b)(6) Motion to

Dismiss. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see also Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004); *Collins v. F.B.I.*, No. 10-CV-03470, 2011 WL 1627025, at *4 (D.N.J. April 28, 2011).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document forms the basis of a claim when it is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

At the outset, the Court acknowledges that ARM disputes many of Plaintiff's allegations and attached several exhibits to its Answer which paint a vastly different picture of the circumstances than that of the Complaint. *See* Answer, Exs. A-D. For example, to rebut Plaintiff's allegation that ARM called Plaintiff daily from the beginning of February, ARM attached its Call Records which demonstrate that ARM called Plaintiff a total of nine times, with seven of the calls occurring during the month of March, and not a single call occurring after the March 20th call. *See* Answer Ex. A. ARM also attached a transcript of the March 20th call which shows that upon learning that Collins did not reside with Plaintiff, ARM's agent did not "threaten" to

5

continue calling.  The agent instead apologized and stated that Plaintiff's number was "removed" from ARM's records.  *See* Answer Ex. D.  Lastly, attaching its Account Notes, ARM contends that but for the March 20th call, all the calls that ARM made went unanswered by Plaintiff.  *See* Answer Exs. B-C.

Relying heavily on these exhibits, ARM urges the Court throughout the instant Motion to consider ARM's version of the events.  *See, e.g.*, Def.'s MJOP 16-19, 24.  Essentially, ARM asks the Court decide the merits of Plaintiff's case.  However, as Rule 12(c) tests only the sufficiency of the Complaint, the Court cannot consider these exhibits at this stage.  The exhibits, which have not been properly authenticated, were introduced by ARM and do not form the basis of Plaintiff's claim since they are not *integral to or explicitly relied upon* in the Complaint.  Additionally, because discovery has been stayed since the filing of the instant Motion, it would be fundamentally unfair to dismiss any of Plaintiff's claims on the basis of these exhibits without allowing Plaintiff an opportunity to adduce evidence to rebut or call into question the evidence upon which ARM presently relies.  Thus, rather than decide issues that are more appropriately addressed at the summary judgment stage, the Court will look only at the facts as alleged in the Complaint.

With this principle in mind, the Court now turns to Plaintiff's claims.

### A.    FDCPA

The FDCPA governs the behavior of debt collectors[2] and is designed "to eliminate abusive debt collection practices."  15 U.S.C. § 1692(e).  As a remedial statute, "the FDCPA must be broadly construed in order to give full effect to [this purpose]." *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142, 148 (3d Cir. 2013) (citations omitted).  The FDCPA expressly authorizes "a private cause of action against debt collectors who fail to comply with [its requirements]." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 996-97 (3d Cir. 2011) (citing 15 U.S.C. § 1692k(d)).

As an initial matter, ARM argues that Plaintiff's FDCPA claims should be dismissed because Plaintiff failed to adequately plead that the debt ARM attempts to collect is a "debt" within the meaning of the FDCPA.  (Def.'s Mot. for Judgement on the Pleadings ("MJOP") 11-13)  The Court disagrees.

It is well-settled that "[a] threshold requirement for application of the FDCPA is that the prohibited practices are

---

[2] ARM does not dispute its status as a "debt collector" within the meaning of the FDCPA.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

used in an attempt to collect a 'debt.'" *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 167 (3d Cir. 2007) (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987)). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Relying on two unreported cases, *Vargas v. Frederick J. Hanna & Assoc.*, No. 12-cv-03802, slip op. at 3-4 (D.N.J. Feb. 14, 2013) and *Fenn v. CIR, Law Offices*, No. 10-cv-01903-SMS, 2011 WL 2621002, at * 3 (E.D. Ca. 2011), ARM argues that Plaintiff failed to adequately plead facts demonstrating that the debt owed by Collins is a "debt" under the FDCPA. (Def.'s MJOP 12-13) In *Vargas* and *Fenn*, plaintiffs attempted to pursue FDCPA claims against debt collectors who had sought to collect debts owed *by those plaintiffs*. *Vargas*, slip op. at 3; *Fenn*, 2011 WL 2621002, at * 1. Both courts dismissed these claims because the plaintiffs had failed to offer specific facts showing that the debts *they* owed were protected under the FDCPA. *Vargas*, slip op. at 4; *Fenn*, 2011 WL 2621002, at * 3.

However, the instant case is easily distinguishable. Plaintiff alleges that the debt ARM seeks to collect is owed not

8

by Plaintiff but by a third party, namely Dawn Collins.  Unlike *Vargas* and *Fenn*, where the plaintiffs seeking to invoke the protection of the FDCPA were the actual debtors, here, it is undisputed that Plaintiff does not owe the debt at issue.[3] Because Plaintiff's FDCPA claims are based on ARM's attempts to collect a debt owed by Collins and not Plaintiff, his allegation that the debt is a "consumer debt" within the meaning of the FDCPA is sufficient.  (Compl. ¶ 8)

As is discussed in more detail below, non-debtors may assert certain FDCPA claims against debt collectors for their attempts to collect debts from third parties.  In such cases, non-debtors cannot reasonably be expected to know the specific nature of a third party's debt without the benefit of discovery. It is well-established that a court's determination of plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 679)).  Thus, given the circumstances of the instant case and the remedial nature of the FDCPA, there is no sense in requiring Plaintiff, who is not the

---

[3] ARM repeatedly concedes that it sought to collect payment from Collins and not Plaintiff.  *See, e.g.,* Answer ¶ 8; Def.'s MJOP 13-14, 21.  In fact, as discussed *supra*, ARM relies on the fact that Plaintiff is in no way responsible for the debt as a basis for seeking dismissal of Plaintiff's § 1692c(a)(1) claim.  *See* Def.'s MJOP 14.

actual debtor, to plead the nature of the debt with more
particularity.

Having concluded that Plaintiff plausibly alleges that the
debt in the instant case falls within the FDCPA, the Court now
turns to examine the individual FDCPA claims.  Plaintiff asserts
FDCPA claims pursuant to 15 U.S.C. §§ 1692c, 1692d, 1692e and
1692f.  (Compl. Count I)  The Court addresses each of these
claims in turn.


**1.   Section 1692c Claim**

Plaintiff first alleges a violation of 15 U.S.C.
§ 1692c(a)(1).  (Compl. Count I)  ARM argues that Plaintiff
lacks standing to assert a § 1692c(a)(1) claim because he is not
a "consumer" as defined by the FDCPA.  (Def.'s MJOP 13-14)
Alternatively, ARM argues that even if Plaintiff has standing,
he failed to allege a plausible claim.  (*Id.* 14-15)  The Court
agrees that Plaintiff lacks standing to assert a § 1692c(a)(1)
claim.

15 U.S.C. 1692c(a)(1) provides in relevant part that "a
debt collector may not communicate with a *consumer* in connection
with the collection of any debt [] at any unusual time or
place."  (emphasis added)  Generally, the FDCPA broadly
authorizes "any person" to assert claims against a debt
collector.  15 U.S.C. § 1692k(a).  Nevertheless, because § 1692c

only regulates communications "with a consumer," numerous courts
have held that only a "consumer" as defined by the FDCPA has
standing to sue under this section.  *See Montgomery v.
Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) ("[O]nly a
'consumer' has standing to sue for violations under 15 U.S.C.
§ 1692c."); *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868,
874 (11th Cir. 2010) (holding plaintiff who was not a "consumer"
lacked standing under § 1692c); *Christy v. EOS CCA*, 905 F. Supp.
2d 648, 653 (E.D. Pa. 2012) ("Because [plaintiff] is not a
consumer as defined by the FDCPA, he does not have standing to
bring a § 1692c(b) claim."); *see also Kenny v. Mercantile
Adjustment Bureau, LLC*, No. 10-CV-1010, 2013 WL 1855782, at *4
(W.D.N.Y. May 1, 2013); *Morant v. Miracle Fin., Inc.*, No. 11-CV-
4140, 2012 WL 4174893 (E.D.N.Y. Sept. 17, 2012); *Frazer v. IPM
Corp. of Brevard,* 767 F. Supp. 2d 1369, 1376 (N.D. Ga. 2011).

     The FDCPA defines a "consumer" as "any natural person
obligated or allegedly obligated to pay any debt."  15 U.S.C.
§ 1692a(3).  For the purposes of § 1692c, the term "consumer"
also includes "the consumer's spouse, parent (if the consumer is
a minor), guardian, executor, or administrator."  15 U.S.C. §
1692c(d).

     In the instant case, Plaintiff is clearly not a consumer
within the meaning of § 1692c.  Plaintiff contends that the debt
to ARM is owed by Collins and that Plaintiff himself "is not

responsible" for it.  (Compl. ¶¶ 8, 10)  Moreover, Plaintiff readily admits that none of ARM's collection attempts were aimed at collecting the debt from Plaintiff but from Collins.  (*Id.* ¶¶ 8, 14-16)  Thus, Plaintiff is not a "consumer" within the definition of 15 U.S.C. § 1692a(3).  Furthermore, while Plaintiff claims to be a relative of Collins (*Id.* ¶ 9), he is also not a "consumer" within the broader definition in 15 U.S.C. § 1692c(d).

Because Plaintiff is not a "consumer" within the meaning of § 1692c, he does not have standing to assert a § 1692c(a)(1) claim.  Accordingly, the § 1692c(a)(1) claim will be dismissed with prejudice.[4]

While Plaintiff does not have standing to assert a § 1692c(a)(1) claim, he does have standing to assert claims pursuant to §§ 1692d, 1692e and 1692f since those sections are not restricted to "consumers."  *See* 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (emphasis added)); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."); 15 U.S.C. § 2692f ("A debt

---

[4] Because Plaintiff does not have standing to assert a § 1692c(a)(1) claim, the Court does not reach ARM's alternative argument concerning the sufficiency of the claim.

collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *see also Montgomery,* 346 F.3d at 697 ("The other provisions are not limited to 'consumers[.]'"); *Christy*, 905 F. Supp. 2d at 654.  Therefore, the Court now turns to the sufficiency of those claims.

## 2.   Section 1692d Claims

Plaintiff asserts two claims pursuant to 15 U.S.C. § 1692d: (1) a general violation of 15 U.S.C. § 1692d; and (2) a specific violation of subsection (5).  (Compl. Count I)  ARM argues that both of these claims should be dismissed because Plaintiff failed to state a plausible claim.  (Def.'s MJOP 16-19)  The Court disagrees.

15 U.S.C. § 1692d generally prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  This provision focuses only on whether the "natural consequence" of the debt collector's conduct is to harass, oppress, or abuse and the debt collector's intent is irrelevant.  *Regan v. Law Offices of Edwin A. Abrahamsen & Assoc., P.C.*, No. 08-5923, 2009 WL 4396299, at * 5 (E.D. Pa. Dec. 1, 2009) (citing *Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003)).  "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury."

*Id.* at \*6 (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)); *see also Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012). Repeated phone calls and threats made in an effort to collect a debt have been found to constitute actionable harassment. *Christy*, 905 F. Supp. 2d at 654 (citations omitted).

Section 1692d further provides a non-exhaustive list of prohibited conduct. Relevant to the instant case, subsection (5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). To state a claim pursuant to § 1692d(5), a plaintiff must allege "not only that the [debt collector] contacted [him] by telephone repeatedly or continuously, but also [that he] did so with intent to annoy, abuse or harass [him]." *Hoover,* 888 F. Supp. 2d at 597; *see also Turner v. Prof'l Recovery Serv., Inc.,* No. 11-3356, 2013 WL 3441100, at \*3 (D.N.J. July 9, 2013) (quoting *Derricotte v. Pressler & Pressler, LLP*, No. 10-1323, 2011 WL 2971540, at \*8 (D.N.J. July 19, 2011). Whether the debt collector acted with the intent to annoy, abuse, or harass can be inferred from the volume and pattern of the calls made. *Turner*, 2013 WL 3441100, at \*3; *Hoover*, 888 F. Supp. 2d at 598 ("[A]ctionable harassment

14

or annoyance turns not only on the volume of calls made, but also on the pattern of the calls.").

In the instant case, Plaintiff plausibly alleges that ARM's telephone calls are not only harassing in nature but also that they are made repeatedly and continuously with the intent to annoy, abuse or harass. Plaintiff asserts that ARM has been calling him every day for approximately two months to collect a debt that Plaintiff did not owe. (Compl. ¶¶ 7, 10, 13) Plaintiff further asserts that ARM continues to call despite being informed "numerous times" by Plaintiff that the actual debtor, Collins, could not be reached at that number. (*Id.* ¶¶ 11-12, 18) Moreover, Plaintiff asserts that on one occasion, ARM's agent even threatened Plaintiff that "the calls would continue" despite Plaintiff's plea that the calls stop. (*Id.* ¶¶ 15-17) These factual allegations are sufficient to support a plausible inference that ARM's repeated and continuous telephone calls are harassing and are being made with the intent to annoy, abuse or harass.

Because Plaintiff sufficiently alleges that ARM's telephone calls have the natural consequence of harassing him and that the calls are made repeatedly and continuously with the intent to annoy, abuse or harass him, he has stated plausible claims under §§ 1692d and 1692d(5). Accordingly, ARM will be denied judgment on the pleadings as to the § 1692d claims.

**3.   Section 1692e Claims**

Plaintiff further asserts two claims pursuant to 15 U.S.C. § 1692e: (1) a general violation of 15 U.S.C. § 1692e; and (2) a specific violation of subsection (10).  (Compl. Count I)  ARM argues that both of these claims should be dismissed because Plaintiff failed to state a plausible claim.  (Def.'s MJOP 19-21)  The Court agrees.

15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  § 1692e further provides a non-exhaustive list of prohibited conduct.  Relevant to the instant case, subsection (10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

"Whether a communication is deceptive . . . is evaluated 'from the perspective of the least sophisticated debtor.'" *D'Addario v. Enhanced Recovery Co., LLC*, 798 F. Supp. 2d 570, 573 (D.N.J. 2011) (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008)).  Although the "least sophisticated debtor" standard is low, it nevertheless "prevents liability for bizarre or idiosyncratic interpretations" of communications.  *Lesher*, 650 F.3d at 997 (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.

2000)).  "Even the least sophisticated debtor is bound to
[interpret communications] in their entirety." *Id.* (quoting
*Campuzano-Burgos*, 550 F.3d at 299).  Pursuant to this standard,
a communication is deceptive when "it can be reasonably
[interpreted] to have two or more different meanings, one of
which is inaccurate." *Campuzano-Burgos*, 550 F.3d at 298
(quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir.
2008) (further citation omitted)).

In the instant case, Plaintiff alleges in conclusory
fashion that ARM "acted in a false, deceptive, misleading and
unfair manner when they engaged in conduct the natural
consequence of which is to harass, oppress, or abuse [Plaintiff]
[]." (Compl. ¶ 22)  On its face, Plaintiff seeks to anchor his
§ 1692e claims on conduct which is already covered by his
§ 1692d claims discussed above.  Aside from the fact that
Plaintiff seems to merely be re-alleging § 1692d claims,
Plaintiff simply did not allege any facts from which to
plausibly infer that ARM made a deceptive representation to him.
Nowhere does Plaintiff allege that ARM made any statement to him
during the telephone calls, other than to inquire about the
actual debtor, Collins, and to ask for Plaintiff's assistance in
locating her. (Compl. ¶¶ 14, 15-16)  Plaintiff does not allege,
for example, that ARM made any statement which even the least

sophisticated debtor could construe as requesting Plaintiff to pay the debt.

While harassing telephone calls are prohibited by § 1692d, unless the debt collector makes a deceptive representation during such calls they cannot support § 1692e claims. Thus, because Plaintiff fails to allege that ARM made even a single deceptive representation to him during the telephone calls, ARM will be granted judgment on the pleadings as to the § 1692e claims. Accordingly, the § 1692e claims will be dismissed without prejudice, and the Court will grant Plaintiff leave to move to amend the Complaint if Plaintiff wishes to allege facts supporting these claims.[5]

**4. Section 1692f Claim**

Lastly, Plaintiff alleges that ARM violated 15 U.S.C. § 1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f further provides a non-exhaustive list of conduct deemed "unfair or unconscionable." *See* 15 U.S.C. § 1692f(1)-(8).

Additionally, § 1692f is a catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA. *Hoover*, 888 F. Supp. 2d at 601; *Williams*

---

[5] Because the § 1692e claims fail, the Court does not address ARM's alternative argument that Plaintiff's § 1692e(10) claim duplicates his § 1692e claim.

*v. Zucker, Goldberg & Ackerman, LLC*, No. 09-6177, 2011 WL 843943, at *1 n.1 (D.N.J. Mar. 8, 2011).  However, § 1692f "cannot be the basis for a separate claim" for conduct that is already explicitly addressed by other sections of the FDCPA. *Turner*, 2013 WL 3441100, at *6.  Courts have therefore routinely dismissed § 1692f claims when a plaintiff "does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Christy*, 905 F. Supp. 2d at 656 (quoting *Shand-Pistilli v. Prof'l Account Serv., Inc.*, No. 10-CV-1808, 2010 WL 2978029, at * 6 (E.D. Pa. July 26, 2010)).

In the instant case, Plaintiff does not allege that ARM engaged in any of the activities enumerated in § 1692f(1)-(8). Plaintiff also does not allege any facts from which to plausibly infer that ARM engaged in "unfair or unconscionable" conduct beyond making the harassing telephone calls which is already addressed by the § 1692d claims.  Plaintiff has therefore failed to state a plausible § 1692f claim.  Thus, ARM will be granted judgment on the pleadings as to the § 1692f claim, and the claim will be dismissed without prejudice.  The Court will grant Plaintiff leave to move to amend the Complaint if Plaintiff wishes to allege facts supporting the claim.

In sum, with respect to Plaintiff's FDCPA claims, ARM will be denied judgment on the pleadings as to the claims pursuant to §§ 1692d and 1692d(5), but will be granted judgment on the

pleadings as to the claims pursuant to §§ 1692c(a)(1), 1692e, 1692e(10) and 1692f.

### B.   TCPA

The TCPA was enacted in 1991 to regulate telemarketing activity in response to "[v]oluminous consumer complaints about abuses of telephone technology." *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 744 (2012).  At the time, Congress found that "many consumers [were] outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes." *Id.* (quoting TCPA, Pub. L. No. 102–243, 105 Stat 2394 (internal quotation marks omitted)).

Although the Complaint does not explicitly identify which TCPA provision ARM allegedly violated, the parties' briefs clarify that Plaintiff asserts a violation of § 227(b)(1)(B).

Under § 227(b)(1)(B), the TCPA makes it unlawful for any person to

> initiate any telephone call to any residential
> telephone line using an artificial or prerecorded
> voice to deliver a message without the prior express
> consent of the called party, unless the call is
> initiated for emergency purposes or is exempted by
> rule or order by the [Federal Communications]
> Commission ("FCC") under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).

The TCPA expressly authorizes a private cause of action for a violation of its provisions.  *See* 47 U.S.C. § 227(b)(3).

Plaintiff alleges that ARM violated § 227(b)(1)(B) by initiating several of the telephone calls to his home using an artificial and prerecorded voice to deliver a message.  (Compl. ¶ 32)  In response, ARM argues that the FCC expressly exempted debt collection calls from this subsection.  (Def.'s MJOP 26, 28)  The Court agrees with ARM.

As mentioned above, § 227(b)(1)(B) does not apply to calls "exempted by rule or order by the [FCC] under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B).  The TCPA further expressly authorizes the FCC to exempt calls from the requirements of § 227(b)(1)(B), subject to certain conditions.  *See* 47 U.S.C. § 227(b)(2)(B). Pursuant to § 227(b)(2)(B), the FCC may exempt "calls made for commercial purposes" so long as the FCC determines that such calls would not "adversely affect the privacy rights that [the TCPA] is intended to protect," and would "not include the transmission of any unsolicited advertisement."  47 U.S.C. § 227(b)(2)(B)(ii)(I) and (II); *Hoover*, 888 F. Supp 2d at 603.

In 1992, acting on its authority, the FCC created two exemptions to § 227(b)(1)(B)'s requirements which have been applied to debt collection calls.  First, the FCC exempted any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation."  47 C.F.R. § 64.1200(a)(2)(iii).  Second, the FCC exempted any call "made to any person with whom the caller has

an established business relationship at the time the call is
made." 47 C.F.R. § 64.1200(a)(2)(iv).

At the time, the FCC clarified that "an express exemption .
. . for debt collection calls is unnecessary *because such calls
are adequately covered by [the] exemptions . . . for commercial
calls which do not transmit an unsolicited advertisement* and for
established business relationships."  *In the Matter of Rules &
Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7
F.C.C.R. 8752, 8771, 8773 (1992) (emphasis added).  The FCC
consistently reaffirmed this position in 1995, 2008, and most
recently in 2012.  *See In the Matter of Rules & Regulations
Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C.R.
12391, 12400 (1995); *In the Matter of Rules & Regulations
Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R.
559, 561 (2008); *In the Matter of Rules & Regulations
Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R.
1830, 1834 (2012).

Nevertheless, Plaintiff argues that because he does not owe
any debt to ARM, the FCC's exemptions do not apply in the
instant case.  (Pl.'s Mem. of L. in Opp. to Def.'s MJOP 5)
Plaintiff relies solely on *Watson v. NCO Grp., Inc.*, 462 F.
Supp. 2d 641, 644-45 (E.D. Pa. 2006) which held that neither of
the FCC's exemptions apply to erroneous debt collection calls
because a non-debtor has no existing business relationship with

the debt collector and because non-debtors have their privacy rights affected more adversely by debt collection calls than debtors.

However, Plaintiff's reliance is misplaced.  The Eleventh Circuit, the only Circuit Court to consider this issue, has held that erroneous debt collection calls made to a non-debtor are exempt from § 227(b)(1)(B) because such calls are "made for a commercial, non-solicitation purpose" and fall within the FCC's exemption for commercial calls that do not include an unsolicited advertisement.  *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011).[6]

Indeed, since *Watson*, the overwhelming majority of district courts – including several in the Eastern District of Pennsylvania – have rejected *Watson's* conclusions and held that erroneous debt collection calls are exempted by § 64.1200(a)(2)(iii) since they are commercial calls that do not include an unsolicited advertisement.  *See Hoover*, 888 F. Supp. 2d at 604 ("[T]he majority of jurisdictions . . . have held that all debt collection calls, even calls made to non-debtors, fall under . . . the exception for commercial calls that do not

---

[6] Stating that "*all* debt collection circumstances are excluded from the TCPA's coverage," the *Meadows* court also applied the established business relationship exemption to erroneous debt collection calls explaining that in such cases the debt collector "has an existing business relationship with the intended recipient of its prerecorded calls."  *Meadows*, 414 F. App'x at 235 (emphasis added).  Because the Court concludes that the § 64.1200(a)(2)(iii) exemption applies to such calls, the Court does not determine whether the established business relationship exemption should also apply.

transmit an unsolicited advertisement and do not constitute a telephone solicitation."); *see also Rantz-Kennedy v. Discover Fin. Serv.*, No. CCB-12-2853, 2013 WL 3167912, at *3 (D. Md. June 20, 2013); *Franasiak v. Palisades Collection, LLC*, 822 F. Supp. 2d 320, 326 (W.D.N.Y. 2011); *Anderson v. AFNI, Inc.*, No. 10-4064, 2011 WL 1808779, at * 11 (E.D. Pa. May 11, 2011).

Moreover, in its recent 2012 Report and Order, the FCC for the third time reiterated its position that all debt collection calls are exempted from § 227(b)(1)(B) by § 64.1200(a)(2)(iii) because "[it] determined that debt collection calls are not telemarketing calls." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. at 1834. While acknowledging that debt collection calls raise privacy concerns, the FCC refused to require consent for "such calls, to the extent that they do not contain telemarketing messages." *Id.* at 1341. Because the FCC only concerned itself with the content of the debt collection calls and not with the recipient of such calls, it is clear that the FCC determined to exempt from § 227(b)(1)(B) all debt collection calls that do not also contain telemarketing messages whether or not the recipient is actually the debtor.

Because in the instant case Plaintiff does not allege that ARM's debt collection calls contained advertisements or telemarketing messages, the calls do not violate § 227(b)(1)(B)

as a matter of law.  Thus, Plaintiff has failed to state a TCPA
claim and ARM will be granted judgment on the pleadings as to
the claim.[7]

### C.    INTRUSION UPON SECLUSION

Lastly, Plaintiff asserts a common law claim for invasion
of privacy by intrusion upon seclusion.  ARM argues that
Plaintiff failed to plead sufficient facts to support a
plausible claim.  The Court disagrees.

New Jersey recognizes several torts for invasion of privacy
as the "interference with the right of the plaintiff to be let
alone." *Rumbauskas v. Cantor*, 138 N.J. 173, 180 (1994).  The
tort of intrusion upon seclusion imposes liability on "[o]ne who
intentionally intrudes, physically or otherwise, upon the
solitude or seclusion of another . . . if the intrusion would be
highly offensive to a reasonable person." *Hennessey v. Coastal
Eagle Point Oil Co.*, 129 N.J. 81, 94-95 (1992) (quoting
Restatement (Second) of Torts § 652B (1977)); *Leang v. Jersey
City Bd. of Educ.*, 198 N.J. 557, 588 (2009).

To state a claim for intrusion upon seclusion, a plaintiff
must allege that the intrusion "would be highly offensive to the
ordinary reasonable man, as the result of conduct to which the

---

[7] Because the TCPA claim fails as a matter of law, the Court does not address
ARM's alternative argument concerning the factual sufficiency of the claim.

reasonable man would strongly object." *Stengart v. Loving Care Agency, Inc.*, 201 N.J. 300, 317 (2010) (quoting Restatement (Second) of Torts § 652B cmt. d). However, the intrusion "need not be physical" for the defendant to be liable. *Hennessey*, 129 N.J. at 95. The Restatement (Second) of Torts explicitly provides that although a defendant is not liable for calling a plaintiff's "telephone on one occasion or even two or three, to demand payment of a debt," nevertheless, "when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, . . . his privacy is invaded." Restatement (Second) of Torts § 652B cmt. d.

In the instant case, Plaintiff plausibly alleges that ARM's telephone calls are repeated with persistence and frequency such that they are a substantial burden to him. As discussed above, Plaintiff asserts that ARM has been persistently calling him every day for approximately two months. (Compl. ¶¶ 7, 13) Plaintiff further asserts that ARM refuses to stop calling him despite being informed repeatedly that the actual debtor, Collins, was not available at his number. (*Id.* ¶¶ 11-12, 15, 18) Thus, Plaintiff's allegations are sufficient to support the plausible inference that ARM's telephone calls are "highly offensive" to a reasonable person.

Because Plaintiff sufficiently alleges that ARM intentionally intruded upon his seclusion by repeatedly making harassing telephone calls, he has stated a plausible invasion of privacy claim for intrusion upon seclusion.  Accordingly, ARM will be denied judgment on the pleadings as to the intrusion upon seclusion claim.

## IV.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings will be granted in part and denied in part. Specifically, the Motion will be denied as to the FDCPA claims pursuant to §§ 1692d and 1692d(5), and the common law claim for intrusion upon seclusion.  The Motion will be granted as to the FDCPA claims pursuant to §§ 1692c(a)(1), 1692e, 1692e(10) and 1692f, and the TCPA claim.  However, Plaintiff will be granted leave to file a Motion to Amend his Complaint as to the FDCPA claims pursuant to §§ 1692e, 1692e(10) and 1692f.  An appropriate Order accompanies this Opinion.


Date:  August 8, 2013

                                        /s/ Joseph E. Irenas _____

                                        **Joseph E. Irenas, S.U.S.D.J.**